# EXHIBIT A

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SPECIAL HAPPY, LTD. | ‖ | |
| Plaintiff, | ‖ | Case Number: 24CV5753 |
| | ‖ | |
| v. | ‖ | |
| | ‖ | |
| JASON LOOMIS, and | ‖ | |
| FOOT-CANDLE, LLC | ‖ | |
| Defendants. | ‖ | |

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE
OF SUMMONS TO DEFENDANT FOOT-CANDLE, LLC**

TO:    Foot-Candle, LLC
        WRVB Business Services, LLC
        500 World Trade Center
        101 West Main Street
        Norfolk, VA 23510

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint ("Complaint") is attached to this notice. The Complaint has been filed in the Superior Court of DeKalb County for the State of Georgia in and for the County of DeKalb and has been assigned the case number 24CV5753.

      This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the Complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days (or 60 days if located outside any judicial district of the United States) after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons was sent. I have enclosed a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the Waiver of Service is also attached for your records. YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.

      If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint until 60 days have passed from the date designated below as the date on which this notice was sent (or within 90 days from that date if your address is not in any judicial district of the United States).

1

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff on this **12th** day of **June** in the year **2024**.

Alex R. Merritt
GA Bar No. 143308
Counsel for Plaintiff
Merritt Law
3423 Piedmont Road, NE
Suite 200
Atlanta, GA 30305
alex@merrittlawga.com
p: (404) 490-0851
www.merrittlawga.com

2

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SPECIAL HAPPY, LTD. <br>    Plaintiff, | ‖ <br> ‖   Case Number: 24CV5753 <br> ‖ |
| v. | ‖ <br> ‖ |
| JASON LOOMIS, and <br> FOOT-CANDLE, LLC <br>    Defendants. | ‖ <br> ‖ <br> ‖ <br> ‖ |

## WAIVER OF SERVICE OF SUMMONS

To:   Alex R. Merritt, Counsel for Plaintiff
      Merritt Law
      3423 Piedmont Road, NE, Suite 200
      Atlanta, GA 30305

      I acknowledge receipt of your request that I waive service of a summons in the action of Special Happy, Ltd. V. Jason Loomis and Foot-Candle, LLC, which is case number 24CV5753 in the Superior Court of DeKalb County in the State of Georgia in and for the County of DeKalb. I have also received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

      I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure. I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This _____ day of _____ in the year _____.

_____
Signature of person authorized to sign on behalf of Foot-Candle, LLC

_____
Printed name of person authorized to sign on behalf of Foot-Candle, LLC

3

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SPECIAL HAPPY, LTD.<br>   Plaintiff, | ‖ |
| | ‖  Case Number: 24CV5753 |
| | ‖ |
| v. | ‖ |
| | ‖ |
| | ‖ |
| JASON LOOMIS, and | ‖ |
| FOOT-CANDLE, LLC | ‖ |
|    Defendants. | ‖ |

**WAIVER OF SERVICE OF SUMMONS**

To:   Alex R. Merritt, Counsel for Plaintiff
      Merritt Law
      3423 Piedmont Road, NE, Suite 200
      Atlanta, GA 30305

      I acknowledge receipt of your request that I waive service of a summons in the action of Special Happy, Ltd. V. Jason Loomis and Foot-Candle, LLC, which is case number 24CV5753 in the Superior Court of DeKalb County in the State of Georgia in and for the County of DeKalb. I have also received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

      I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure. I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This \_\_\_\_ day of _____ in the year _____.

_____

Signature of person authorized to sign on behalf of Foot-Candle, LLC

_____

Printed name of person authorized to sign on behalf of Foot-Candle, LLC

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SPECIAL HAPPY, LTD.<br>    Plaintiff, | ‖  Case Number: 24CV5753 |
| | ‖ |
| v. | ‖ |
| | ‖ |
| JASON LOOMIS, and<br>FOOT-CANDLE, LLC<br>    Defendants. | ‖ |

## NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the costs of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

4

**FILED 6/12/2024 10:08 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA**

## IN THE SUPERIOR COURT OF DeKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SPECIAL HAPPY, LTD.<br>   Plaintiff, | ‖<br>‖ | Case Number: |
| | ‖ | |
| v. | ‖ | 24CV5753 |
| | ‖ | |
| JASON LOOMIS, and | ‖ | |
| FOOT-CANDLE, LLC | ‖ | **JURY TRIAL DEMANDED** |
|    Defendants. | ‖ | |

### COMPLAINT

## INTRODUCTION

1.　　Foot-Candle, LLC (hereinafter, "FCL") , is an alter-ego shell company of Jason Loomis (hereinafter, "Loomis").

2.　　FCL does not manufacture any products.

3.　　FCL does not sell any products.

4.　　It appears that the sole purpose of Loomis in creating FCL was to acquire patents to assert against legitimate companies for a shakedown; Loomis and FCL are patent trolls.

5.　　Special Happy, Ltd. (hereinafter, "SHL") is one of the victims of such a shakedown.

## SUBJECT MATTER JURISDICTION

6.　　SHL incorporates by reference all of the preceding paragraphs as if

expressly set forth herein.

7.      SHL has suffered an injury as a result of the bad-faith assertion of

patent infringement by Loomis and FCL (hereinafter, "Trolls") and, therefore, has

standing to bring this action under O.C.G.A. §§ 10-1-773(a) and 10-1-773(c).

8.      This Honorable Court has subject matter jurisdiction under its

equitable powers and under O.C.G.A. § 10-1-770, et seq., O.C.G.A. § 13-6-11, and

O.C.G.A. § 51-12-5.1.


**PERSONAL JURISDICTION**

9.      SHL incorporates by reference all of the preceding paragraphs as if

expressly set forth herein.

10.     Loomis is an individual that resides in Georgia.

11.     Loomis can be served at his place of residence at:

**815 PONCE DE LEON AVENUE
DECATUR, GA 30030**

12.     Consequently, this Honorable Court has personal jurisdiction over

Loomis.

13.     FCL is a limited liability company having a principal place of

business in Virginia at:

**3601 LA GRANGE PARKWAY
TOANO, VA 23168**

2

14.    Loomis is the Vice President of FCL.

15.    FCL can be served through its registered agent for service of process

at:

**WRVB BUSINESS SERVICES
LLC500 WORLD TRADE CENTER
101 WEST MAIN STREET
NORFOLK, VA, 23510**

16.    Alternatively, FCL can be served through Loomis (who is one of

FCL's officers) in accordance with O.C.G.A. § 9-11-4(e) at:

**FOOT-CANDLE, LLC
C/O JASON LOOMIS
815 PONCE DE LEON AVENUE
DECATUR, GA 30030**

17.    On information and belief, FCL transacts business in Georgia through

its Georgia officer, Loomis.

18.    The acts recited hereinafter, which were committed by FCL, were

committed in Georgia by its Georgia officer, Loomis.

19.    Consequently, this Honorable Court has personal jurisdiction over

FCL.


**VENUE**

20.    SHL incorporates by reference all of the preceding paragraphs as if

expressly set forth herein.

3

21.    Loomis resides in Decatur, Georgia.

22.    Therefore, venue is proper for Loomis in DeKalb County under O.C.G.A. § 9-10-93.

23.    FCL is involved in the same transaction that gives rise to Loomis's liability.

24.    Therefore, venue is proper for FCL in DeKalb County under O.C.G.A. § 9-10-93.

**FACTS**

25.    SHL incorporates by reference all of the preceding paragraphs as if expressly set forth herein.

26.    FCL is an alter-ego shell company of Loomis.

27.    Loomis does not manufacture any products through FCL.

28.    Loomis does not sell any products through FCL.

29.    It appears that the sole purpose for Loomis to create FCL was to acquire patents to assert against legitimate companies for a shakedown.

30.    In other words, Loomis and FCL are patent trolls.

31.    SHL (unlike FCL) manufactures artificial Christmas trees.

32.    SHL's Christmas trees are sold around the world.

33.    SHL also aggressively protects its intellectual property by obtaining

patents on SHL's innovative designs (e.g., U.S. Patent Numbers US10,937,354, US11,317,749, and US11,400,700).

34.    Prior to 2024-March-14, FCL did not own any patents.

35.    On 2024-March-14, Loomis executed an assignment that transferred to FCL all of the patents that were already in litigation against SHL in the United States District Court for the Central District of California (hereinafter, "California Case").

36.    On 2024-May-03, SHL filed a motion to dismiss the California Case.

37.    Less than two (2) weeks later, on 2024-May-16, SHL was sent an email message (hereinafter, "Demand Letter"), which threatened that FCL would be substituted as the plaintiff in the California Case.

38.    Although the Demand Letter referenced the California Case, the Demand Letter itself never contained any patent numbers.

39.    The Demand Letter also failed to provide the address of FCL.

40.    Additionally, the Demand Letter failed to identify any of SHL's products, services, or technology that allegedly infringed FCL's newly acquired patents (and, indeed, SHL had not even made a single U.S. sale of any accused product that was alleged in the complaint in the California Case).

41.    Furthermore, the Demand Letter failed to disclose that Loomis himself was the signatory that executed the assignment.

42.    A review of the complaint in the California Case also revealed that it had no merit.

43.    On its face, the complaint in the California Case demonstrated that the Trolls knew that the patent claims were meritless.

44.    Deceptively, the complaint in the California Case misrepresented that the patent claims covered SHL's products when it was clear from the pictures in the complaint itself that SHL's products did not infringe.

44.    In other words, Loomis had assigned patents to FCL from another of Loomis's companies (which shared the same physical street address as FCL), solely for the purpose of asserting meritless claims against SHL.

45.    Furthermore, it was clear that Loomis's other company (which had filed the California Case) had mischaracterized what precisely the claims of the FCL patent covered.

46.    Additionally, it was clear that the newly acquired patents were invalid over prior art, such as CN 201875518U, FR3011910B1, US7775682, etc..

47.    Loomis was certainly aware that the newly acquired FCL patents were not infringed, invalid, or unenforceable.

48.    SHL was forced to expend considerable expenses and resources to battle the Trolls' bad-faith assertion of FCL's newly acquired patents.

49.    Based on SHL's vigorous defense against the Trolls, on 2024-June-03

(less than three (3) months from when Loomis executed the assignment of the patents to FCL), Loomis executed yet another assignment in which FCL divested itself of the very patents that it has asserted in bad faith.

50.    That divestiture consisted of an assignment of all right, title, and interest in all of the asserted patents to Loomis's company with the same physical street address as FCL, which was once again executed by Loomis.

51.    Thus, in summary:

(a)    on 2024-March-14, Loomis executed an assignment that transferred patents from one of Loomis's entities to FCL (which is also a Loomis entity), both companies having the exact same physical street address;

(b)    on 2024-May-16 and under the control of Loomis, FCL threatened to assert those patents against SHL by sending the Demand Letter, knowing fully that none of those patents were infringed, valid, or enforceable;

(c)    Sometime between 2024-May-16 and 2024-June-03, the Trolls (Loomis and FCL) realized that the claims of infringement were meritless; and, thereafter,

(d)    on 2024-June-03 (not even three (3) months after Loomis had executed the assignment to FCL), Loomis executed another assignment in which FCL transferred away its patents to Loomis's entity with the same physical street address as FCL, thereby divesting FCL of its only valuable assets to Loomis's other

7

company.

52.     Because of the harm suffered by SHL as a result of the bad-faith

actions of the Trolls, SHL now files this action against the Trolls.


### COUNT I: BAD FAITH ASSERTION OF PATENT INFRINGEMENT UNDER O.C.G.A. § 10-1-770, ET SEQ. [AGAINST FOOT-CANDLE, LLC AND JASON LOOMIS, JOINTLY AND SEVERALLY]

53.     SHL incorporates by reference all of the preceding paragraphs as if

expressly set forth herein.

54.     O.C.G.A. § 10-1-770(2) defines "Demand Letter" to mean an "e-

mail . . . asserting or claiming that the target has engaged in patent infringement."

55.     O.C.G.A. § 10-1-770(3)(B) defines "Target" to mean "a person . . .

who has been threatened with litigation or against whom a lawsuit has been filed

alleging patent infringement."

56.     O.C.G.A. § 10-1-771(a) recites that a "person shall not make a bad

faith assertion of patent infringement."

57.     FCL is a "person" as recited in O.C.G.A. § 10-1-771(a).

58.     Loomis is a "person" as recited in O.C.G.A. § 10-1-771(a).

59.     SHL is a "target" as recited in O.C.G.A. § 10-1-770(3)(B).

60.     The email message of 2024-May-16, which indicates that FCL will be

substituted as the plaintiff in a patent infringement lawsuit (namely, the California

8

Case), is an e-mail message that asserts or claims that SHL has engaged in patent infringement.

61.     That email message of 2024-May-16 is therefore a "Demand Letter" as defined in O.C.G.A. § 10-1-770(2).

62.     Because the complaint in the California Case, on its face, conclusively showed non-infringement of the claims in FCL's patents, the Trolls knew that the allegations of patent infringement were meritless.

63.     By asserting meritless claims against SHL, FCL engaged in bad-faith assertion of patent infringement, thereby violating O.C.G.A. § 10-1-770, et seq.

64.     By asserting meritless claims against SHL, Loomis engaged in bad-faith assertion of patent infringement, thereby violating O.C.G.A. § 10-1-770, et seq.

65.     The bad-faith assertion of patent infringement caused damages to SHL.

66.     SHL is entitled to relief under O.C.G.A. § 10-1-770, et seq.

67.     SHL is entitled to an amount of damages to be determined by a jury at trial.

68.     SHL is entitled to restitution for the Trolls' actions in violation of O.C.G.A. § 10-1-773(c)(1).

69.     SHL is entitled to punitive damages under O.C.G.A. § 10-1-773(c)(2)

for the greater of $50,000 or treble the combined total of damages, costs, and fees.

70.    SHL is entitled to recover its expenses of litigation under

O.C.G.A. § 10-1-773(3).


## COUNT II: PIERCING THE CORPORATE VEIL
## [AGAINST FOOT-CANDLE, LLC AND JASON LOOMIS, JOINTLY AND SEVERALLY]

71.    SHL incorporates by reference all of the preceding paragraphs as if expressly set forth herein.

72.    FCL is an alter-ego shell company of Loomis.

73.    FCL does not manufacture any products.

74.    FCL does not sell any products.

75.    It appears that the sole purpose for Loomis to create FCL was to acquire patents to assert against legitimate companies for a shakedown.

76.    Loomis and FCL are patent trolls that engage in fraudulent and deceptive behavior.

77.    The deceptive behavior includes knowingly asserting patents against SHL that the Trolls know to be non-infringing.

78.    It appears that the only commercial transactions in which FCL has engaged, so far, are:

    (a)    Acquiring an assignment of patents from one of Loomis's other

10

companies, which shares the same physical street address as FCL.

(b)    Claiming patent infringement of the acquired patents.

(c)    Attempting to shake down legitimate companies (such as SHL) with those acquired patents.

(d)    Divesting itself of all valuable assets upon realizing that the shakedown failed, that divestiture being to Loomis's company that is co-located with FCL at the same address.

79.    The assignment that granted the patent rights to FCL was executed by Loomis.

80.    The assignment that divested FCL of its patent rights was also executed by Loomis.

81.    It does not appear that Loomis followed any corporate formalities for FCL and, furthermore, treated FCL's most valuable assets (e.g., the acquired patents) as Loomis's own personal property.

82.    The bad-faith assertion of patents was, on information and belief, orchestrated by Loomis.

83.    It does not appear that FCL is adequately capitalized, with FCL's only valuable assets being its patents (which Loomis transfers at will from one Loomis entity to another Loomis entity).

84.    It seems that Loomis disregards the corporate entity and makes FCL a

mere instrumentality to shuffle Loomis-controlled patents from one Loomis entity to another Loomis entity for Loomis's personal gain.

85.    There appears to be such a unity of interest and ownership that separation of Loomis and FCL no longer exists.

86.    Loomis should not be permitted to use FCL as a mere alter ego or business conduit to engage in patent trolling.

87.    SHL is entitled to pierce the corporate veil to remedy injustices that arise where Loomis has overextended his privilege in the use of FCL in order to defeat justice, perpetrate fraud (by asserting meritless patent infringement claims and falsely certifying that those claims are meritorious), and evade responsibility by transferring assets from one Loomis entity to another Loomis entity in the face of potentially significant financial liability.

### COUNT III: UNIFORM VOIDABLE TRANSFERS ACT UNDER O.C.G.A. § 18-2-70, ET SEQ. [AGAINST FOOT-CANDLE, LLC AND JASON LOOMIS, JOINTLY AND SEVERALLY]

88.    SHL incorporates by reference all of the preceding paragraphs as if expressly set forth herein.

89.    The Trolls were fully aware that their actions would result in a claim by SHL.

90.    Loomis fully knew that the only valuable assets of FCL were its

12

patents.

91.    Loomis executed an assignment that transferred away all of FCL's valuable assets to another of Loomis's companies, which was co-located at the same physical street address as FCL.

92.    Loomis did so with actual intent to hinder, delay, or defraud SHL and to make it impossible for FCL to satisfy SHL's claim.

93.    There was no reasonably equivalent value exchanged for the transfer from FCL to another of Loomis's companies, which was orchestrated by Loomis.

94.    Discovery in this case is expected to uncover the factors that demonstrate actual intent.

95.    For example, the transfer was to an insider (namely, both transferor entity and transferee entity have overlapping officers and the same physical street address) and orchestrated by an insider (the same officer of both the transferor and the transferee).

96.    Even after the transfer, Loomis retained control of the transferred property through another of Loomis's companies.

97.    Before the transfer was made, the Trolls were fully aware (or should have been aware) that an impending claim would be brought by SHL.

98.    The transfer was of substantially all of FCL's assets.

99.    The value of consideration received by FCL was not reasonably

equivalent to the value of the asset transferred.

100.   FCL is believed to be insolvent or undercapitalized.

101.   The transfer occurred shortly before this claim by SHL.

102.   FCL transferred the essential assets to an insider that is co-located with FCL at the same physical street address.

103.   The transfer was orchestrated by Loomis, who is an owner of both FCL and the transferee.

104.   Consequently, SHL has suffered damages as a result of the Trolls' orchestrated efforts to improperly transfer FCL's assets from one of Loomis's companies to another of Loomis's companies.

105.   SHL is entitled to void or reverse the transfer of assets by Trolls.

106.   SHL is entitled to injunctive relief to prevent further disposition of the valuable assets of the Trolls.

107.   SHL is entitled to an appointment of a receiver to take charge of the assets transferred.

108.   SHL is entitled to an assignment of FCL's assets, including the patents that were asserted by FCL in bad faith.

## COUNT IV: INJUNCTIVE RELIEF
## UNDER O.C.G.A. § 18-2-70, ET SEQ.
## [AGAINST FOOT-CANDLE, LLC AND JASON LOOMIS,
## JOINTLY AND SEVERALLY]

109.   SHL incorporates by reference all of the preceding paragraphs as if expressly set forth herein.

110.   On information and belief, the orchestrated plan by Loomis (to transfer out of FCL all of its valuable assets to another of Loomis's companies) resulted in FCL having insufficient assets to satisfy any claim brought against FCL by SHL.

111.   Consequently, avoidance of that transfer is necessary to satisfy SHL's claims against FCL.

112.   Furthermore, because FCL is an alter-ego and a shell company of Loomis, an injunction is necessary to prevent further disposition of the patents or other valuable assets.

113.   Alternatively, this Honorable Court should appoint a receiver to take charge of the patents transferred.

114.   Additionally, should SHL obtain judgment against the Trolls, then the patents should be assigned to SHL to at least partially satisfy the judgment.

## COUNT V: BAD-FAITH ATTORNEYS' FEES
## UNDER O.C.G.A. § 13-6-11
## [AGAINST FOOT-CANDLE, LLC AND JASON LOOMIS,
## JOINTLY AND SEVERALLY]

115.   SHL incorporates by reference all of the preceding paragraphs as if expressly set forth herein.

116.   The Trolls' actions demonstrate bad faith in the underlying transaction.

117.   The Trolls' actions further demonstrate that the Trolls were stubbornly litigious and caused SHL unnecessary trouble or expense.

118.   SHL specifically pleads for its fees under O.C.G.A. § 13-6-11.

119.   SHL is entitled to all of its attorneys' fees, costs, and expenses as a result of the Trolls' bad-faith conduct.

## COUNT VI: PUNITIVE DAMAGES
## UNDER O.C.G.A. § 51-12-5.1
## [AGAINST FOOT-CANDLE, LLC AND JASON LOOMIS,
## JOINTLY AND SEVERALLY]

120.   SHL incorporates by reference all of the preceding paragraphs as if expressly set forth herein.

121.   The Trolls' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

122.   Consequently, the Trolls are liable to SHL for punitive damages.

16

123.   The Trolls acted with the specific intent to cause harm.

124.   Consequently, there is no limit on punitive damages under O.C.G.A. § 51-12-5.1(f).

125.   SHL is entitled to recover punitive damages from the Trolls (jointly and severally) in an amount that is sufficient to punish and deter the Trolls, as determined by a jury.

**PRAYER FOR RELIEF:**

SHL incorporates by reference all of the preceding paragraphs as if expressly set forth herein and respectfully prays for the following relief:

(a)    An amount of damages to be determined by a jury at trial.

(b)    Restitution for the Trolls' actions in violation of O.C.G.A. § 10-1-773(c)(1).

(c)    Punitive damages with no limit under O.C.G.A. § 51-12-5.1.

(d)    Punitive damages under O.C.G.A. § 10-1-773(c)(2) for the greater of $50,000 or treble the combined total of damages, costs, and fees.

(e)    Expenses of litigation under O.C.G.A. § 10-1-773(3).

(f)    Bad-faith attorneys' fees under O.C.G.A. § 13-6-11.

(g)    Avoidance or reversal of the transfer of assets by the Trolls.

(h)    Injunctive relief to prevent further disposition of the valuable

17

assets of the Trolls.

        (i)     Appointment of a receiver to take charge of the assets transferred by the Trolls.

        (j)     Assignment to SHL all of the FCL's transferred assets (including all of the patents that have been transferred back-and-forth between the various Loomis entities).

        (k)     Any and all other relief that this Honorable Court considers to be just, equitable, and fair.

[SIGNATURE TO FOLLOW]

Respectfully submitted on June 12, 2024,

/s/Alex R. Merritt
Alex R. Merritt
Georgia Bar Number 143308
3423 Piedmont Road NE
Suite 200
Atlanta, GA 30305
Telephone: (404) 490-0851
Email: alex@merrittlawga.com

18